UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
DANIEL FOX,

                              Plaintiff,

      -against-

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,
Police Officer RANDOLPH SANDERS (Shield No. 2183),
Police Officer KEISHA JOHNSON (Shield No. 1888), And
Sergeant LAURA TULLY (Shield No. 417),

                              Defendants.
-----------------------------------------------------------------------x

AMENDED **COMPLAINT**

JURY TRIAL DEMANDED

        Plaintiff, DANIEL FOX, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

        1.     This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

        2.     Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

4. Plaintiff DANIEL FOX is 32 years old and at all times hereinafter mentioned was a citizen of the United States residing in the State of New York, County of Kings.

5. Defendant TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

6. Defendant TRIBORUGH BRIDGE AND TUNNEL AUTHORITY is and was at all times relevant herein a public corporation created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant TRIBORUGH BRIDGE AND TUNNEL AUTHORITY assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by said police force.

7. Defendants SANDERS, JOHNSON, and TULLY are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of TRIBORUGH BRIDGE AND TUNNEL AUTHORITY and/or the TBTA Police Department, an agency of defendant TRIBORUGH BRIDGE AND TUNNEL AUTHORITY. Defendants SANDERS, JOHNSON, and TULLY are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant

TRIBORUGH BRIDGE AND TUNNEL AUTHORITY, were acting for, and on behalf of, and with the power and authority vested in them by TRIBORUGH BRIDGE AND TUNNEL AUTHORITY ("TBTA") and the TBTA Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties.  Defendants SANDERS, JOHNSON, and TULLY are sued individually.

## STATEMENT OF FACTS

8.  On or about June 28, 2017 Plaintiff was assaulted and detained in the County of Queens by TBTA Officer Randolph Sanders.  Plaintiff was riding his bicycle over the Marine Parkway – Gil Hodges Memorial Bridge and as he approached the Queens side he was violently thrown off of his bike by Defendant SANDERS without any warning and without any words exchanged between them.  Plaintiff lay on the ground writhing in pain while Sanders berated and cursed at him. Defendants JOHNSON and TULLY arrived shortly after and SANDERS told them that Plaintiff was lying; SANDERS then attempted to attack Plaintiff again but was restrained by JOHNSON and TULLY.  SANDERS, JOHNSON, and TULLY refused to summon an ambulance.  It was not until Plaintiff's parents arrived a short time later that Plaintiff was allowed to leave.  He was not charged with any offense, at all.

9.  Plaintiff's parents brought him directly to the emergency room at Mount Sinai Hospital in Brooklyn.  Plaintiff was subsequently diagnosed with, among other injuries, multiple bone fractures, ligament tears, and tendon tears to his right leg/ankle.  He is unable to walk without crutches and is still in excruciating pain.

## AS AND FOR A FIRST CAUSE OF ACTION
(Liability of Defendant TBTA for Constitutional Violations)

10. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

11. At all times material to this complaint, defendant TBTA, acting through its police department, and through defendants SANDERS, JOHNSON, and TULLY had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

12. At all times material to this complaint, defendant TBTA, acting through its police department, and through defendants SANDERS, JOHNSON, and TULLY had <u>de facto</u> policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendant. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

13. As a result of the foregoing, plaintiff was deprived of his liberty, suffered serious physical injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15.     By his actions in violently throwing Plaintiff off of a moving bicycle, Defendant SANDERS used excessive force.

16.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene)

17.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18.     By their actions in deliberately ignoring Plaintiff's pleas for help, withholding medical attention, and failing to alert their superiors, Defendants JOHNSON and TULLY failed to intervene in the unconstitutional conduct of Sanders.

19.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants[1]:

   a.   Compensatory damages in the amount of $1,000,000.00 (One Million Dollars).

   b.   Punitive damages in the amount of $2,000,000.00 (Three Million Dollars)

   c.   Costs and interest and attorneys fees.

   d.   Such other further relief as this court may deem appropriate and equitable.

---

[1] Punitive damages are only sought against the individual defendant's.

Dated: Brooklyn, New York
      October 29, 2017

                        Yours, etc.,

                        SCOTT G. CERBIN, ESQ., PLLC
                        Counsel for the Plaintiff

                        /s/ Scott G. Cerbin

                        _____
                        By: Scott G. Cerbin (SC5508)
                        16 Court Street, Suite 2901
                        Brooklyn, New York 11241
                        (718) 596-1829