```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL FOX,                                                    REPORT AND
                              Plaintiff,                       RECOMMENDATION
            - against -
TRIBOROUGH BRIDGE AND                                          17-CV-4143 (NGG) (JO)
TUNNEL AUTHORITY, et al.,
                              Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiff Daniel Fox (Fox") has filed two motions cumulatively seeking an award of fees and costs in the total amount of $360,571.61. *See* Docket Entry ("DE") 113 (original motion); DE 119 (supplemental motion). The four defendants – the Triborough Bridge and Tunnel Authority, Police Officer Randolph Sanders, Sergeant Laura Tully and Police Officer Keisha Johnson (the "TBTA," "Sanders," "Tully," and "Johnson," respectively) – agree that Fox is entitled to the reimbursement of reasonable fees and costs but object to the amount he seeks for a variety of reasons. *See* DE 115; DE 120. Upon a referral from the Honorable Nicholas G. Garaufis, United States District Judge, I now make this report and respectfully recommend that the court grant the initial motion, deny the supplemental motion as untimely, and award a total of $149,135.36 (consisting of $119,043.75 in reasonable attorneys' fees and $30,091.61 in costs).

I.   Background

I assume the reader's familiarity with the facts and procedural history of this case, and briefly set forth here only so much of the background as is pertinent to Fox's fee application.

Fox, initially represented by attorney Scott G. Cerbin ("Cerbin"), filed his initial Complaint against the TBTA and Sanders on July 12, 2017. He accused Sanders of using excessive force and injuring him as he attempted to ride a bicycle over a bridge in Queens, New York; asserted that the TBTA was also liable for Sanders' violation of his constitutional rights and accused other as-yet unidentified officers of unlawfully failing to intervene in Sanders' conduct. *See* DE 1 ¶¶ 8-19. After

discovery began, Fox filed an Amended Complaint on October 29, 2017, naming Johnson and Tully in the failure-to-intervene count. *See* DE 17 ¶ 18.

Several months later, just over a month before the original discovery deadline, *see* DE 15, Fox decided to engage new counsel. *See* DE 24; DE 25; DE 26; DE 27. By Order dated April 4, 2018, I granted Cerbin's motion to withdraw; attorney Gary A. Zucker ("Zucker") filed a notice of appearance as Fox's new counsel of record the same day. *See* DE 28. He was soon joined by another attorney, Guy A. Regev ("Regev") who began appearing at conferences as Fox's counsel on May 25, 2018, but did not file a notice of appearance until November 6, 2018. *See* DE 33; DE 65. Zucker and Regev were later joined by attorney Daniel B. Rubin ("Rubin"), who was listed as trial counsel in a proposed pretrial order that Fox filed on June 21, 2018.[1]

Discovery closed on September 4, 2018. *See* DE 51; DE 61. The parties tried the case before a jury over three days in November 2019. *See* DE 98; DE 99; DE 100. At the close of the Fox's case-in-chief, Fox withdrew the failure to intervene claim against Tully and Johnson. *See* DE 109 at 629 (trial transcript). The jury then returned a verdict in Fox's favor on the claims against Sanders and the TBTA, awarding $75,000 in compensatory damages on the claim against Sanders, $175,000 in such damages on the claim against the TBTA, and finding against Fox on his claim for punitive damages against both defendants. *See id.* at 767-68; DE 101 (verdict form). The defendants moved to set aside the verdict on December 3, 2019, and the court denied the motion on May 22, 2020. *See* DE 105; DE 109. The Clerk entered judgment on May 28, 2020. *See* DE 112.

Fox timely filed a fee application on June 11, 2020 (14 days after the entry of judgment), in which he sought reimbursement for the work of his current counsel (Zucker, Regev, and Rubin) but

---

[1] Rubin never filed his own notice of appearance. Instead, on September 20, 2018, Zucker filed a document styled on the docket as a notice of appearance "by Gary A. Zucker," but that was in fact a document in which Rubin reported his own appearance as Fox's counsel. *See* DE 60.

sought no reimbursement for the work of attorney Cerbin (despite acknowledging that the latter had filed the original and amended complaints). *See* DE 113 at 1-2 (notice of motion); *id.* at 3-26 (supporting memorandum) ("Memo.");[2] DE 113-1 at 4 ("Regev. Decl. I"); DE 113-2 (trial counsel's billing records) ("Records I"); DE 113-3 (summary of claimed costs); Fed. R. Civ. P. 54(d)(2)(B)(i). By orders of the same date, the court referred the motion to me, and I set a deadline for the defendants' response (but did not otherwise set any schedule or deadlines). The defendants filed their opposition papers on July 10, 2020. *See* DE 114 ("Krez Decl. I"); DE 115 (opposing memorandum) ("Opp."). Fox filed a reply memorandum on July 17, 2020, in which he sought additional fees arising from the fee application. *See* DE 116 (Reply); DE 116-1 ("Regev. Decl. II"); DE 116-2 (supplemental billing records) ("Records II").

On October 9, 2020, while the motion was pending, Cerbin, acting on his own behalf, filed what he styled as a supplemental motion seeking an award of fees for the work he had done before withdrawing. *See* DE 118. I terminated the motion without prejudice by order of the same date because Cerbin neither represented Fox nor had an independent right to seek fees for himself. *See* Fed. R. Civ. P. 11(a); 42 U.S.C. § 1988(b). Two days later, Fox's current counsel of record submitted a supplemental motion for the same relief Cerbin had requested, this time on Fox's behalf. *See* DE 119 (notice of supplemental motion); DE 119-1 ("Regev. Decl. III"); DE 119-2 at 1-2 (Cerbin Decl.); DE 119-2 at 3-4 (billing records for Cerbin) ("Records III"). The defendants submitted their papers in opposition on October 19, 2020, objecting to the timeliness of the supplemental request, but not otherwise taking issue with either Cerbin's claimed hourly rate or the number of hours of Cerbin's work for which Fox now seeks reimbursement. *See* DE 120 ("Krez Decl. II"); DE 120-1 (opposing memorandum) ("Supp. Opp.").

---

[2] The cited page numbers are those assigned by the court's docketing system to the combined submission in DE 113. Citations to the memorandum alone use the document's own pagination.

II.   Discussion

The parties agree that Fox has prevailed in this Section 1983 action and is therefore eligible to receive an award of reasonable attorney's fees. *See* 42 U.S.C. § 1988(b). I recommend an award after first addressing the threshold question of whether Fox is entitled to relief on both of his pending fee applications or only the first.

A.   The Supplemental Motion's Timeliness

The defendants oppose the supplemental motion for Cerbin's fees as untimely. Specifically, they observe that Fox has neither filed the motion within 14 days of the entry of judgment as the applicable rule normally requires nor sought an extension of that deadline based on a showing of excusable neglect. *See* Supp. Opp. at 2-6; Fed. R. Civ. P. 54(d)(2)(B)(i); Fed. R. Civ. P. 6(b)(2). I agree. In his supplemental motion, filed 132 days after the entry of judgment,[3] Fox seeks relief he did not request in his initial motion and his notice of motion explicitly invokes "Rule 54(d) of the Federal Rules of Civil Procedure[.]" DE 119 at 1. Fox makes no attempt to explain why the applicable rule's timing provision does not render his new motion untimely, nor does he seek leave to extend the deadline on the basis of a showing of excusable neglect.

Fox's procedural handling of the supplemental motion stands in stark contrast to his handling of his request for "fees on fees" – that is, his request to have the defendants reimburse the reasonable attorneys' fees arising from his litigation of the fee application itself. Fox included that request in his reply on the original motion rather than seeking the same relief in a new, supplemental motion. *See* Regev Decl. II; Record II. As discussed below, he was entitled to do so, and the defendants have not objected to that request on the ground that it was untimely notwithstanding the fact that Fox necessarily waited until well after the applicable 14-day period to make it (as counsel

---

[3] *Compare* DE 112 (judgment dated May 28, 2020), *with* DE 119 (notice of supplemental motion dated Oct. 11, 2020).

4

had not completed their work in briefing the motion until after the period ended). In contrast, nothing prevented Fox from timely determining the amount of Cerbin's bill and including it in his initial fee application rather than waiting several months to file it as a new motion.

I therefore respectfully recommend that the court deny the supplemental motion. In doing so, I do not suggest that Cerbin is not entitled to a fee. To the contrary, the record suggests no reason Fox should not fairly compensate Cerbin for his work, and no party has objected either to Cerbin's claimed hourly rate or to the number of compensable hours he claims to have worked before Fox discharged him.[4] I recommend no more than that the court find that Fox has forfeited his opportunity to compel the defendants to reimburse him the amount of fees and costs that he has an obligation to pay Cerbin. If the court adopts that recommendation, it will neither estop Cerbin from seeking appropriate relief against his former client and his successors, nor estop Fox from looking to his current counsel to take appropriate steps to ensure that he is not unduly prejudiced by their handling of the fee litigation.

---

[4] In a declaration in support of the supplemental motion sponsoring the introduction of Cerbin's records, Regev states that he offers them "without endorsing the veracity of Mr. Cerbin's declaration and accounting of his costs and time[.]" Regev Decl. III at 1. Regev is of course not required to personally vouch for the information Cerbin provides, but that does not mean Fox's supplemental motion is without consequence. Fox, as the party seeking relief in the supplemental motion, has necessarily endorsed the proposition that the amount for which he seeks reimbursement – that is, the $10,300.00 Cerbin has billed as his fee and the $605.00 in costs that Cerbin disbursed to prosecute Fox's claims – is in fact a reasonable amount that should be paid. Fox could not properly seek such relief otherwise, nor could Regev lawfully assist him in doing so if Regev concluded that Fox was not entitled to such relief under applicable law. *See* Fed. R. Civ. P. 11(b)(2)-(3). I therefore assume that Regev's disavowal is meant only to avoid the possibility that the court will incorrectly assume that Regev has taken unnecessary steps to personally verify another lawyer's billing – and that it is not intended to cast any doubt on the proposition that Fox has an obligation to pay his former counsel's fee in full, regardless of the possibility that his current counsel's inattention may have forfeited his right to have the defendants reimburse him for that payment.

5

B.  Fees

Courts in this circuit decide the amount to award by determining a reasonable hourly rate at which to compensate counsel, taking into account all pertinent factors including those identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), multiplying that rate by the number of hours reasonably expended to determine the presumptively reasonable fee, and then, if warranted in extraordinary circumstances, adjusting the presumptively reasonable fee to account for a factor not already adequately taken into account. *See Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2008). The court has broad discretion in determining each component of a fee award because of its experience with the case and with the practice of law. *See Lilly*, 934 F.3d at 234; *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005). The court can include in its award the hours reasonably expended on an attorney's fee application; with 30 hours generally being the greatest amount of compensable work approved for such "fees-on-fees." *See Lilly*, 934 F.3d at 235; *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 257 (E.D.N.Y. 2020) (citing cases).

1.  Hourly Rates

Fox seeks to reimburse his counsel at the following hourly rates: $650 each for Zucker and Regev, and $375 for Rubin. As explained below, I conclude those rates are excessive.

"The reasonable hourly rate is the rate a paying client would be willing to pay … bearing in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Lilly*, 934 F.3d at 231 (quoting *Arbor Hill*, 522 F.3d at 190) (cleaned up). In this district, "experienced Section 1983 attorneys receive, on average, fees calculated at an hourly rate of between $ 300.00 and $ 450.00." *Martinez v. City of New York*, 330 F.R.D. 60, 70 (E.D.N.Y. 2019) (citing cases); *cf. Lilly*, 934 F.3d at 231 (noting that the same is true in the Southern District of New York). The high end of that range is generally "reserved for expert trial attorneys with extensive experience

6

before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their field," *Martinez*, 330 F.R.D. at 70 (quoting *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 290 (E.D.N.Y. 2012)). For associates in Section 1983 cases in this district, courts typically approve hourly rates in the range of $100 to $325. *See, e.g.*, *Torcivia*, 437 F. Supp. 3d at 252 (citing cases).

Fox provides a great deal of information about his counsel's background, all of it quite impressive, but leaves out perhaps the most salient information; namely, the year of each attorney's admission to practice and their experience in handling Section 1983 cases like this one. *See* Memo. at 8-12. The defendants and public records supply that missing data: Zucker was admitted in 1977 and has extensive litigation experience but his practice focuses on personal injury and medical malpractice cases. *See* Attorney Online Services – Search, https://iapps.courts.state.ny.us/attorneyservices/search (last visited on Oct. 26, 2020); Personal Injury Attorney Brooklyn, https://www.zucker-regev.com (same).[5] Regev, while holding the title of "partner" in the Zucker & Regev firm, was admitted in 2016, and appears to have little if any experience trying Section 1983 cases aside from this one.[6] Rubin was admitted in 2018. *See* Opp. at 7-9; Krez Decl. I ¶¶ 7-11, 15-16 & Exs. 1, 3. My research has failed to find any published federal decision in which a court determined a reasonable hourly rate for any of the three attorneys now representing Fox (or indeed any case other than this one in which Regev or Rubin appeared as counsel).

Based on the foregoing, and after considering all of the *Johnson* factors, I conclude that the court should award fees at rates reflecting Zucker's extensive experience in practice (albeit as a

---

[5] Far from advertising experience in civil rights litigation, Zucker and Regev acknowledge on their website that their firm focuses "exclusively" on "personal injury and medical malpractice cases." *Id.*

[6] Regev acknowledged has lack of federal trial experience on the first day of trial in this case, when his unfamiliarity (along with a comparable lapse by opposing counsel) led to the postponement of opening statements. *See* DE 106 at 2-3 (trial transcript).

7

specialist in cases unlike this one) and reflecting Regev's and Rubin's extremely limited experience as admitted attorneys.[7] Specifically, I respectfully recommend the following hourly rates: $400 for Zucker, $250 for Regev, and $150 for Rubin.

2. <u>Hours Worked</u>

Fox seeks reimbursement for a total of 620.4 hours of compensable work as follows: 73.9 hours of work by Zucker, 233.1 hours of work by Regev (including ten hours for the fee application), and 313.4 hours of work by Rubin (including 26.2 hours for the fee application). *See* Records I; Records II. The defendants assert that the court should reduce the claimed time by half. *See* Krez Decl. I at 17.[8]

"A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours, and the dates." *Fundora v. 87-10 51st Ave. Owners Corp.*, 2015 WL 729736, at *1 (E.D.N.Y. Feb. 19, 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)). In determining the number of hours for which fees should be awarded, the court should not compensate counsel for hours that are "excessive, redundant, or otherwise unnecessary." *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009).

---

[7] To the extent Fox contends that the court should approve higher hourly rates for his attorneys because of the duration, complexity, and contentiousness of this litigation, *see* Memo. at 6, I respectfully disagree. As discussed in greater detail below in the context of the number of compensable hours, Fox's attorneys were themselves responsible for unduly multiplying the proceedings through meritless motion practice. In addition, their failure to make timely expert disclosures led to the preclusion of their police procedure expert's testimony. Finally, they failed to adduce sufficient evidence to support their claims against defendants Tully and Johnson, resulting in the voluntary dismissal of their claims at the end of the trial. As explained below, those failures need not result in any reduction of a reasonable lodestar award, but they also suggest there is no reason to approve the unusually high hourly rates Fox seeks for his attorneys.

[8] More precisely, the defendants propose a fifty percent reduction of the pretrial and trial hours, *ss id.*; they have not responded to the additional hours claimed in Fox's Reply.

8

As the docket reflects, Fox's trial counsel expended a great deal of time and effort on meritless discovery motions, even as they neglected their responsibility to attend to the timely development of the expert testimony about police procedures that they belatedly, and unsuccessfully, sought to introduce. They moved to compel discovery they had never formally requested as well as other motions to compel that I denied for lack of merit and they needlessly multiplied the proceedings by lodging meritless requests for reconsideration and then district court review of adverse discovery rulings (and also by violating my individual practice requirements concerning the length of letter motions and the prohibition of replies on discovery motions). Despite many discovery extensions to which Fox acceded, Fox's trial counsel sought unsuccessfully to shorten the time presumptively available for the defendants to respond to Fox's discovery requests. *See* DE 29 (motion to compel); Order dated Apr. 23, 2018 (denying DE 29); DE 33 (minute order dated May 25, 2018, resolving oral discovery motions); DE 34 (motion for reconsideration); Order dated May 31, 2018 (denying reconsideration); DE 36 (objections to discovery rulings); Order dated July 30, 2018 (denial of Fox's objections to discovery rulings); DE 55 (motion to shorten response time); Order dated Aug. 9, 2018 (denying motion); DE 56 (motion to compel); DE 58 (reply in support of motion to compel); DE 61 (minute order dated Sept. 25, 2018, denying motion to compel).

While it is entirely reasonable, in appropriate circumstances, to award fees for portions of an attorney's work on behalf of a prevailing plaintiff that did not succeed, Fox's counsel were unreasonable in their conduct of the pretrial proceedings. That conduct has already imposed undue litigation burdens on the defendants who had to repeatedly incur costs to oppose Fox's meritless motions; it would be unreasonable to require them in addition to subsidize the entirety of Fox's counsel's unrelenting – and almost uniformly unsuccessful – discovery motions. *See, e.g., Koszkos v. Janton Indus., Inc.*, 2016 WL 4444329, at *8–9 (E.D.N.Y. Aug. 3, 2016) (report and recommendation)

9

("No paying client would be willing to subsidize such inefficiencies, and the court should not require the defendants to do so either."), *adopted*, 2016 WL 4444782 (E.D.N.Y. Aug. 23, 2016).

"One acceptable method for 'trimming the fat' from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an 'across-the-board percentage' cut of the total amount of time claimed." *Fundora*, 2015 WL 729736, at *2 (quoting *In re "Agent Orange" Prods. Liab. Litig.*, 818 F. 2d 226, 237-38 (2d Cir. 1987)). The defendants propose a fifty percent reduction of hours, pegging the number to the fact that Fox and his counsel prevailed against only two of the four named defendants. *See* Krez Decl. I ¶ 19. I respectfully disagree: that approach is too imprecise (particularly because of the impracticality of allocating counsel's time prosecuting the case among the defendants against whom Fox asserted his claims) and does not fairly capture the nature of counsel's inefficiency. The unreasonableness of the number of hours Fox's counsel have billed stems not from the unsuccessful prosecution of claims against Tully and Johnson – the claimed hours would be unreasonable even if Fox had prevailed on those claims – but rather from the inefficiency of the litigation that preceded the verdict.[9]

Fox's counsel properly spent a great deal of time litigating a meritorious case to a successful conclusion. While the defendants should not have to subsidize the many hours wasted on meritless discovery disputes and other inefficiencies, the 50 percent reduction they seek is too harsh. I respectfully recommend an overall reduction of 25 percent of the claimed hours. Such a reduction takes into account the inefficiencies in litigation of the Fox's claims, the needless devotion of time and resources to claims against Tully and Johnson that Fox ultimately abandoned, the inefficiency of

---

[9] An additional problem is the inefficiency of the work claimed for the fee application itself. Fox's attorneys billed 36.2 hours for it: 1.5 hours to "Review and Research" the defendants' opposition papers, and a truly astounding 34.7 hours purportedly spend to "Research Caselaw and Draft Reply to Motion for Atty Fees." Record III. As noted above, courts generally approve up to 30 hours of work for fee applications. *See Torcivia*, 437 F. Supp. 3d at 257 (citing cases).

10

spending time developing expert testimony and then failing to disclose it in time to use it at trial, and the excessive amount of time claimed for the fee application itself.

Accordingly, I respectfully recommend that the court award Fox attorneys' fees in the total amount of $119,043.75, as summarized in the following table.

| Attorney | Hourly Rate | | Hours | | Fee | |
|---|---|---|---|---|---|---|
| | Claimed | Adjusted | Claimed | Adjusted | Claimed | Adjusted |
| Guy S. Regev | $650.00 | $400.00 | 233.1 | 174.8 | $151,515.00 | $69,930.00 |
| Gary A. Zucker | $650.00 | $250.00 | 73.9 | 55.4 | $48,035.00 | $13,856.25 |
| Daniel B. Rubin | $375.00 | $150.00 | 313.4 | 235.1 | $117,525.00 | $35,257.50 |
| Total | | | 620.4 | 465.3 | $317,075.00 | $119,043.75 |

C.     <u>Costs</u>

"Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees." *Hugee*, 852 F. Supp. 2d at 305 (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Fox seeks reimbursement for a total of $32,591.61 in costs covering a variety of disbursements including deposition transcripts, medical records, postage, travel and expert fees. *See* DE 113-3. The only item to which the defendants object is the $2,500.00 attributed to "Police Expert, Inc." for "Joseph Pollini (Police Expert)." *Id.*; *see* Opp. at 11; Krez Decl. I ¶ 20. I agree with the defendants that it would be unreasonable to require them to reimburse Fox for the cost of an expert report he did not timely disclose and therefore could not use to prosecute his claims. Moreover, Fox has not provided any voucher or other documentation to establish that he has actually paid the amount claimed for the expert's services. Accordingly, I respectfully recommend that the court exclude that item and award $30,091.61 in reimbursable costs.

11

III.     Recommendation

For the reasons set forth above, I respectfully recommend that the court grant the initial motion, deny the supplemental motion as untimely, and award a total of $149,135.36 (consisting of $119,043.75 in reasonable attorneys' fees and $30,091.61 in costs).

IV.     Objections

Any objections to this Report and Recommendation are due by November 9, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F. 3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated:  Brooklyn, New York
        October 26, 2020

                                                                    /s/
                                                          James Orenstein
                                                          U.S. Magistrate Judge